IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**FELIX WYNN,**                                                                                                **PLAINTIFF**

**V.**                                                                                 **NO. 4:06CV210-M-B**

**RICHARD BURDINE, et al.,**                                                               **DEFENDANTS**

## OPINION DISMISSING CLAIMS

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. The basis of Plaintiff's complaint is the allegation that Defendant Burdine was paid $6,000 to represent Plaintiff on appeal. Plaintiff complains that Burdine was actually disbarred when he accepted the payment. Plaintiff lodges similar accusations at Defendant Williamson. According to documentation submitted with the complaint, Plaintiff agreed to arbitrate his claims against Defendants Burdine and Williamson. One document even indicates that the fee dispute between Plaintiff and Burdine has been "amicably resolved." Plaintiff finally argues that Defendant's actions have violated his Constitutional rights, though he has failed to identify a particular right upon which Defendant has trampled.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's insistence, the Constitution has not been implicated by the facts of this case. Rather, in his lengthy complaint, Plaintiff is merely seeking recovery of the fees paid to attorneys along with unsubstantiated compensatory damages. If Plaintiff has stated a claim at all, it would be based purely on state tort law. Consequently, Plaintiff's complaint will be dismissed for failing to state a claim upon which relief may be granted.

The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Wynn is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 8th day of March, 2007.

                                                  /s/ Michael P. Mills
                                                **UNITED STATES DISTRICT JUDGE**